UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER P. WHITE, | ) | CIVIL ACTION NO. 4:21-CV-1333 |
| Plaintiff | ) | |
| | ) | (CONNER, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| MORGAN SNOOK, *et al.,* | ) | |
| Defendants | ) | |

REPORT & RECOMMENDATION

## I.    INTRODUCTION

Christopher Peter White and Christopher Joseph White were both charged with crimes in Lycoming County, Pennsylvania in 2019. Christopher Peter White ("Plaintiff") initiated this civil rights action, in large part, because a local news outlet posted an article online that attributed crimes allegedly committed by Christopher *Joseph* White, to Plaintiff.

Plaintiff has been granted leave to proceed *in forma pauperis*. Because he is proceeding *in forma pauperis*, Plaintiff's second amended complaint will be reviewed under the screening provisions in 28 U.S.C. § 1915(e). Under this statute, the Court is required to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After an initial review of Plaintiff's original complaint, the undersigned advised Plaintiff that it failed to state a claim, and explained the basis for that

conclusion. (Doc. 7). Plaintiff was afforded the opportunity to submit an amended complaint, and did so. (Doc. 8). However, like the original complaint, the amended complaint also failed to state a claim upon which relief could be granted. (Docs. 10, 13). Plaintiff was then granted a second opportunity to amend. (Doc. 13). Like both the original and amended complaints, the second amended complaint should also be dismissed. Accordingly, it is RECOMMENDED that:

(1)     Plaintiff's Second Amended Complaint (Doc. 12) be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without leave to amend, but without prejudice to pursue his state law claims in the appropriate state court; and

(2)     The Clerk of Court be DIRECTED to close this case.

## II.     BACKGROUND & PROCEDURAL HISTORY

On July 30, 2021, Plaintiff initiated this civil action. (Doc. 1). Plaintiff has been permitted to amend his original complaint twice. Currently before the Court is Plaintiff's second amended complaint.

In 2019, Plaintiff and another man named Christopher White were arrested and charged with drug-related crimes in Lycoming County. Two cases were initiated against Plaintiff. One case was initiated against Christopher Joseph White.

When Plaintiff was acquitted of all charges in one pending criminal case, a local news outlet incorrectly reported that Plaintiff had been charged with crimes in two other criminal cases (one involving Plaintiff, and one involving Christopher Joseph White). The background information concerning the relevant state court

criminal cases, the news article, and Plaintiff's legal claims are set forth in separate sections below.

### A.    CHRISTOPHER PETER WHITE (PLAINTIFF)

On April 22, 2019, Plaintiff was arrested and charged with the following offenses: eight felony counts of manufacture, delivery or possession with intent to manufacture or deliver in violation of 35 P.S. § 780-113(a)(30); and four felony counts of criminal use of a communication facility in violation of 18 P.S. § 7512(a). *Commonwealth v. Christopher Peter White*, CP-41-CR-700-2019 (C.C.P. Lycoming Cty.) (last accessed Oct. 4, 2022).[1] The events underlying these charges took place on January 15, 2019. *Id.*

Although bail was set, Plaintiff has been in custody at the Lycoming County prison since his arrest. *Id.*

According to the state court docket, in September 2022 Plaintiff was found guilty of some of the offenses charged. *Id.*

---

[1] Ruling on Motions to dismiss, the court generally relies only on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). Because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. §§ 1915(e) and 1915A and under 42 U.S.C. § 1997e(c)." *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n. 2 (3d Cir. 1994)). Therefore, I take judicial notice of the State court criminal dockets associated with Plaintiff's civil case.

In his second amended complaint, Plaintiff alleges there was a second criminal case brought against him in Lycoming County that year, involving an incident that took place on January 29, 2019. (Doc. 12, p. 7).[2] Plaintiff alleges he was acquitted by a jury on April 5, 2021. *Id*.

### B.   CHRISTOPHER JOSEPH WHITE

On or around September 18, 2019, Christopher Joseph White was arrested and charged with the following offenses:

(1)   Three Counts of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver in violation of 35 P.S. § 780-113(a)(30) from an incident that took place on July 16, 2019;

(2)   One Count of Criminal Conspiracy in violation of 18 P.S. § 903 from an incident that took place on July 16, 2019;

(3)   One Count of Criminal Use of a Communication Facility in violation of 18 P.S. § 7512(a) from an incident that took place on July 16, 2019;

(4)   Two Counts of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver in violation of 35 P.S. § 780-113(a)(30) from an incident that took place on August 26, 2019;

(5)   One Count of Intent to Possess a Controlled Substance in violation of 35 P.S. § 780-113(a)(16) from an incident that took place on August 26, 2019;

(6)   Two Counts of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver in violation of 35 P.S. § 780-113(a)(30) from an incident that took place on September 11, 2019;

---

[2] Plaintiff does not identify the docket number of this case in his second amended complaint. He did, however, identify case number CR-1514-2019 in his amended complaint and attach a verdict slip. (Doc. 8-1, p. 3). The docket for this case is not publicly available. Presumably, following the acquittal, it was expunged.

(7)   One Count of Intent to Possess a Controlled Substance in violation of 35 P.S. §780-113(a)(16) from an incident that took place on September 11, 2019;

(8)   Two Counts of Criminal Use of a Communication Facility in violation of 18 P.S. § 7512(a) from an incident that took place on September 11, 2019; and

(9)   Two Counts of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver in violation of 35 P.S. §780-113(a)(30) from an incident that took place on September 17, 2019.

*Commonwealth v. Christopher Joseph White*, CP-41-CR-1476-2019 (C.C.P. Lycoming Cty.).

Christopher Joseph White posted bond in October 2019. *Id.* Christopher Joseph White pleaded guilty to some of the charges and was sentenced on March 31, 2022. *Id.*

### C.   NEWS ARTICLE

On May 10, 2021, a news article was published online by local news outlet, NorthCentralPA.com on its Facebook page. Plaintiff alleges the news article was written by Morgan Snook ("Defendant Snook"), and contained "false" information attributing Christopher Joseph White's crimes to Plaintiff.

Plaintiff alleges that Defendant Snook, her co-workers Chris Benson, Carrie Pauling, Jerry Frear, Jeff Everett and Mark Mussina, and her employer NorthCentralPA.com violated his constitutional rights and "defamed" him. Plaintiff also alleges that Facebook, and its founder Mark Zuckerberg are liable

because the "false" news article was posted to Defendant NorthCentralPA.com's Facebook page.

Last, Plaintiff alleges that Lycoming County and the following Lycoming County officials and employees conspired to publish the false news article: Judge Nancy Butts, District Attorney Ryan Gardner, and Assistant District Attorney Joseph Ruby. Plaintiff also alleges that some corrections officers may have been involved. In support of this conspiracy theory, Plaintiff alleges that:

> Just one day after affiant filed this civil act on July 27, 2021, President Nancy L. Butt[s] filed an Order on 7/28/2021 per docket sheet for a secure docket with limited access, meaning John Doe Lycoming County Prison Official open the affiant's *pro se* prisoner mail and tipped her off after the mail was collected at 10:20 mail call. This is a Lycoming County policy, custom and practice that caused the constitutional violation of the affiants rights, this was clearly retaliatory conduct on their part.

(Doc. 12, p. 11).

### D.   PLAINTIFF'S LEGAL CLAIMS & REQUEST FOR RELIEF

In his second amended complaint, Plaintiff names the following Defendants:

(1)   Morgan Snook, author of the article;

(2)   NorthCentralPA.com, news outlet that published the article;

(3)   Chris Benson, content manager at NorthCentralPA.com;

(4)   Carrie Paulin, sales partner at NorthCentralPa.com;

(5)   Jerry Frear Jr., Director of Operations, Growth and Marketing at NorthCentralPA.com;

(6)     Jeff     Everett,     Director     of     Business     Development     at
        NorthCentralPA.com;

(7)     Mark Mussina, sales partner at NorthCentralPA.com;

(8)     Mark Zuckerberg, Founder of Facebook;

(9)     Facebook;

(10)    Joseph Ruby, Lycoming County Assistant District Attorney;

(11)    Ryan Gardner, Lycoming County District Attorney;

(12)    Nancy Butts, President Judge of the Lycoming County Court of
        Common Pleas; and

(13)    Lycoming County.

In the section of his second amended complaint titled "Legal Claims"

Plaintiff alleges:

> My state and federal constitutional rights were violated when all
> parties conspired and slandered me by tampering with public records,
> conspiracy, defamation per se, libel per se, slander per se, false light
> invasion of privacy, slander per quad, defamation per quad, libel per
> quad, official oppression in violation of the 1st, 4th, 5th, 7th, 8th, 9th,
> 10th, 11th, Amendments of the United States Constitution, for the
> defamatory, false, and malicious statements made against this affiant
> by the defendants, and for retaliatory conduct by state officials against
> this affiant by their own policies, and customs, practices for filing this
> civil action.

(Doc. 12, p. 13).

> As relief Plaintiff requests:

> declaratory, compensatory, monetary punitive, and presumed damages
> from all parties included, but not limited to other unknown parties in
> their official and individual capacity, and entity.

*Id.*

## III.    LEGAL STANDARDS

### A.    FED. R. CIV. P. 8: REQUIREMENTS FOR A COMPLAINT

A civil complaint must comply with the requirements of Rule 8(a) of the

Federal Rules of Civil Procedure, which directs that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Under this rule, a well-pleaded complaint must recite factual allegations which are

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere

speculation, set forth in a "short and plain" statement of a cause of action. It

requires a "showing that 'the pleader is entitled to relief, in order to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'

" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also Phillips v. Cty. of

Allegheny*, 515 F.3d at 233 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

545 (2007)).

Furthermore, a document filed by a plaintiff proceeding *pro se* is "to be

liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## B.     STATUTORY SCREENING OBLIGATION UNDER 28 U.S.C. § 1915(E)

This Court has a statutory obligation to conduct a preliminary review of complaints brought by a plaintiff who has requested leave to proceed *in forma pauperis* and must dismiss a case *sua sponte* if: (i) the allegation of poverty is untrue, (ii) the action is frivolous or malicious, (iii) the complaint fails to state a claim upon which relief may be granted, or (iv) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).[3]

When conducting this screening analysis, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Endrikat v. Ransom*, No. 1:21-CV-1684, 2022 WL 4111861 at *2 (M.D. Pa. Sept. 8, 2022) ("In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."). At this early stage of the litigation, the district court must:

> "accept the facts alleged in [a plaintiff's] complaint as true," "draw[ ] all reasonable inferences in [his or her] favor," and "ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to

---

[3] As observed by the Third Circuit Court of Appeals, "[s]ome form of the IFP statute has been in existence for over a century," in order to ensure "that no person is barred from 'pursuing meaningful litigation' solely because of an inability to pay administrative court fees." *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019) (cleaned up). In creating this procedure, however, Congress also "recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (cleaned up).

state a plausible . . . claim." *Perez v. Fenoglio*, 792 F.3d 768, 774, 782
(7th Cir. 2015).

*Shorter v. United States,* 12 F. 4th 336, 374 (3d Cir. 2021). A court need not

"credit a complaint's 'bald assertions' or 'legal conclusions,' " *Morse v. Lower*

*Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks

omitted), and does not need to assume that a plaintiff can prove facts not

alleged, *Associated Gen. Contractors of Cal. v. California State Council of*

*Carpenters*, 459 U.S. 519, 526 (1983).

Furthermore, a *pro se* complaint, "however inartfully pleaded," must be held

to "less stringent standards than formal pleadings drafted by lawyers" and can only

be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff

can prove no set of facts in support of his or her claim which would entitle him to

relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

In considering a motion to dismiss, the court generally relies on the

complaint, attached exhibits, and matters of public record. *Sands v. McCormick*,

502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly

authentic document[s] that a defendant attached as an exhibit to a motion to

dismiss if the plaintiff's claims are based on the [attached] documents." *Pension*

*Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Moreover, "documents whose contents are alleged in the complaint and whose

authenticity no party questions, but which are not physically attached to the

pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## IV.      DISCUSSION

### A.      PLAINTIFF'S § 1983 CLAIMS SHOULD BE DISMISSED AGAINST ALL DEFENDANTS

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). "It is well settled that § 1983 does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'" *Williams v. Pennsylvania Human Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 104 (3d Cir. 2014)). To establish a claim under

§ 1983, Plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

### 1.      Plaintiff's § 1983 Retaliation Claim Against the County Defendants Should be Dismissed

To plausibly state a retaliation claim, a prisoner must allege facts in support of the following elements; (1) constitutionally protected conduct; (2) an adverse action by prison officials that is sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir. 2003) (internal quotation marks and brackets omitted).

Plaintiff alleges that he mailed his complaint to the court on July 27, 2021. He alleges that on July 28, 2021, Defendant Butts issued an order for a protected docket. No such order appears on the public docket.

Plaintiff has alleged he engaged in constitutionally protected conduct (filing a lawsuit). Nonetheless, Plaintiff's retaliation claim should be dismissed for several reasons. First, the claim cannot proceed against Defendants Gardner or Ruby because Plaintiff has not alleged any facts suggesting they were involved in sealing a portion of Plaintiff's state court criminal docket. Second, Plaintiff has not pleaded enough facts to show that sealing part of the criminal docket was an

adverse action or was in any way related to his decision to file this civil action. Third, Defendant Butts is absolutely immune from any civil claim for money damaged arising from judicial acts.

"[A]bsolute immunity attaches to those who perform functions integral to the judicial process." *Williams v. Consovoy*, 453 F.3d 173, 178 (3d Cir. 2006). "This immunity was and still is considered necessary 'to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation.'" *McArdle v. Tronetti,* 961 F.2d 1083, 1084 (3d Cir. 1992) (quoting *Butz v. Economou,* 438 U.S. 478, 512 (1978)).

"The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000). The Supreme Court has described the reasons for recognizing judicial immunity as follows:

> [T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have . . . .  [T]his is the principal characteristic that adjudication has in common with legislation and with criminal prosecution, which are the two other areas in which absolute immunity has most generously been provided.  If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.  The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

*Forrester v White*, 484 U.S. 219, 226–27 (1988) (citations omitted).

The Court must engage in a two-part inquiry to determine whether judicial immunity is applicable. *Gallas,* 211 F.3d at 768. First, because immunity applies only to actions taken in a judge's judicial capacity, the court must determine whether the challenged actions of the judge were taken in his or her judicial capacity. *Id.* The relevant factors "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his [or her] judicial capacity.'" *Id.* at 768–69 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). "Our task is to 'draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges,' such as administrative acts." *Id.* at 769 (quoting *Forrester,* 484 U.S. at 227).

"Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 768 (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). In this regard, "we must distinguish between acts in the 'clear absence of all jurisdiction,' which do not enjoy the protection of absolute immunity, and acts that are merely in 'excess of jurisdiction,' which do enjoy that protection." *Id.* at 769 (quoting *Stump*, 435 U.S. at 356 n.6). Judicial immunity shields a judge from liability for judicial acts even if those acts were taken in error, if they were done maliciously, if they were in excess of the judge's authority, if the judge committed grave procedural errors, or if the judge's actions were unfair or

controversial. *Id.* A judge will be subject to liability only when he or she has acted in the clear absence of all jurisdiction. *Id.* "In sum, our analysis must focus on the general nature of the challenged action, without inquiry into such 'specifics' as the judge's motive or the correctness of his or her decision." *Id.*; *see also Mireles*, 502 U.S. at 13.

In this case, Plaintiff is attempting to hold Defendant Butts liable for money damages because she issued an order sealing portions of Plaintiff's criminal docket. This is clearly a judicial act. Plaintiff has alleged no facts that suggest this act was undertaken in the clear absence of all jurisdiction. Defendant Butts is shielded by judicial immunity as to this claim.

Fourth, in the absence of an underlying constitutional violation, any *Monell* claim premised on this allegedly unconstitutional conduct should also be dismissed.

  **2. Plaintiff's § 1983 Due Process Claims Against All Defendants Should be Dismissed Because Plaintiff Has Not Pleaded Personal Involvement by the County Defendants or the Existence of a Plausible Conspiracy**

To bring an actionable § 1983 claim, a plaintiff must plead facts that demonstrate the defendants who violated his rights acted under color of state law. In order to meet this obligation, Plaintiff alleges that the County Defendants (Butts, Gardner, and Ruby) conspired with the Media Defendants (Snook, Benson, Paulin, Frear, Everett, Mussina, Zuckerberg, Facebook, and NorthCentralPA.com.).

"[C]onspiracy under § 1983 is not an independent cause of action, but a means to impute liability on third persons." *Ober v. Miller*, No. 1:04-CV-1669, 2007 WL 4443256, at *18 (M.D. Pa. Dec. 18, 2007), *aff'd*, 395 F. App'x 849 (3d Cir. 2010); *see also Landrigan v. City of Warwick,* 628 F.2d 736, 742 (1st Cir. 1980) (stating that a § 1983 "[c]onspiracy is merely a mechanism by which to obtain the necessary state action, or to impose liability on one defendant for the acts of the others performed in pursuance of the conspiracy" (citations omitted)). Plaintiff is correct that alleging a conspiracy is one way to establish the necessary state action for his § 1983 claim.

Plaintiff has not, however, pleaded sufficient facts to establish the existence of any plausible conspiracy.

To establish a § 1983 conspiracy claim, a plaintiff "must allege facts that plausibly show: (1) the existence of a conspiracy and (2) deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Jackson-Gilmore v. Dixon*, No. 04-03759, 2005 WL 3110991 (E.D. Pa. Nov. 17, 2005). "To support this showing, the plaintiff must allege plausible facts and not conclusory assertions. This should include (1) the period of the conspiracy; (2) the object of the conspiracy; and (3) certain actions of the alleged conspirators taken to achieve that purpose." *Hankin Family P'ship v. Upper Merion Twp.*, No. 01-1622, 2012 WL 43599 at *17 (E.D. Pa. Jan. 6, 2012). Vague and conclusory allegations in a civil

rights complaint will not survive a motion to dismiss. *Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989).

Plaintiff has not pleaded any information concerning the involvement of Defendants Gardner or Ruby. He has conclusively alleged that, *after* the article was published and *after* he filed this lawsuit Defendant Butts issued an order for a secured docket in one of his criminal cases. Assuming *arguendo*, that damaging Plaintiff's reputation was the purpose of the conspiracy, it is not clear how this act by Defendant Butts was taken to achieve that purpose. Plaintiff has neither pleaded enough facts to show that any of the County Defendants were involved in publication of the news article nor has he pleaded sufficient facts to show state action by the Media Defendants. Accordingly, Plaintiff's § 1983 claims should be dismissed as to all Defendants due to a lack of personal involvement by the County Defendants, and due to a lack of state action on the part of the Media Defendants.

### 3.   Plaintiff Has Not Pleaded Enough Facts To Show His Due Process Rights Were Violated

The undersigned also finds that Plaintiff has not pleaded enough facts to establish a plausible due process claim, and even if he had that claim would be *Heck* barred. In his second amended complaint, Plaintiff alleges that his reputation was damaged. I construe this as a due process claim for deprivation of a liberty interest in reputation. However, reputation alone is not an interest protected by the Due Process Clause. *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir.

2006). "Rather, to make out a due process claim for the deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest." *Id.* (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976). As observed in a similar case:

> Instead, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12, 96 S.Ct. 1155). Accordingly, a plaintiff must plead a "stigma-plus" claim in his complaint. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (explaining that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation <u>plus</u> deprivation of some additional right or interest").
>
> Randall asserted that the press release defamed him and limited his prospects for employment as a musician. Randall's claim is foreclosed by the Supreme Court's decision in *Paul v. Davis.* There, the Court stated that a claim of defamation (by a police department that circulated a flyer imputing criminal behavior to a person) was not a federal claim even if it would "seriously impair [that person's] future employment opportunities." *Paul*, 424 U.S. at 697, 96 S.Ct. 1155. Accordingly, Randall's complaint failed to state a "stigma-plus" claim, and the District Court was correct in dismissing it.

*Randall v. Facebook, Inc.*, 718 F. App'x 99, 101 (3d Cir. 2017).

In this case, Plaintiff has generally alleged that the publicity was "sensational, inflammatory, and slanted toward conviction rather than factual and objective." (Doc. 12, p. 11). These vague allegations are insufficient to make out a plausible stigma plus claim. Furthermore, to the extent Plaintiff alleges that the damage to his reputation had an impact on a criminal case while it was pending,

Plaintiff was convicted of one or more of the charges alleged. *Commonwealth v. Christopher Peter White*, CP-41-CR-700-2019 (C.C.P. Lycoming Cty.). Any civil damages claim that would impugn the validity of that conviction, like this one, cannot proceed unless or until that conviction is vacated. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that, where a judgment in favor of a plaintiff in a § 1983 action for damages would necessarily imply the invalidity of plaintiff's criminal conviction or sentence, the plaintiff must first demonstrate that "the criminal proceedings have terminated in the plaintiff's favor."); *Ferris v. Borough of Baldwin*, 247 F.Supp.3d 671 681 (W.D. Pa. 2017) (finding a plaintiff's stigma plus claim was barred by *Heck* where it would imply the invalidity of the plaintiff's conviction).

The undersigned also notes that the County Defendants are a Judge, and two prosecutors, who may be shielded by immunity. Further, in the absence of an underlying constitutional violation, any *Monell* claim premised on this allegedly unconstitutional conduct should also be dismissed.

**B.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE LAW CLAIMS**

Where a district court has dismissed all claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose,* 589 F.3d 626, 650 (3d Cir.

2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Plaintiff's only federal claims have been dismissed. Most of the named Defendants in this case are located in Pennsylvania. In the absence of any federal claim, there is not complete diversity or any other clear basis for federal jurisdiction. Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Id.* at 350. This case is no exception.

Accordingly, the Court should decline to exercise supplemental jurisdiction over any of Plaintiff's state law claims.

### C.   LEAVE TO AMEND SHOULD BE DENIED

If a complaint is subject to dismissal for failure to state a claim, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). In this case, Plaintiff has already been afforded two opportunities for curative amendment. Despite these opportunities, Plaintiff has not pleaded a claim upon which relief could be granted in federal court. As such, I recommend that Plaintiff's second amended complaint be dismissed without further leave to amend, but without prejudice to pursue his state law claims in the appropriate state court.

## V.        RECOMMENDATION

Accordingly, it is RECOMMENDED that:

(1)    Plaintiff's Second Amended Complaint (Doc. 12) be DISMISSED
        pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without leave to amend, but
        without prejudice to pursue his state law claims in the appropriate
        state court; and

(2)    The Clerk of Court be DIRECTED to close this case.


Date: October 6, 2022                    BY THE COURT

                                         *s/William I. Arbuckle*
                                         William I. Arbuckle
                                         U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER P. WHITE, | ) | CIVIL ACTION NO. 4:21-CV-1333 |
| Plaintiff | ) | |
| | ) | (CONNER, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| MORGAN SNOOK, *et al.,* | ) | |
| Defendants | ) | |

NOTICE OF LOCAL RULE 72.3

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: October 6, 2022

BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge